IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 JUN 15 A 9 45
CLERK F. LaVictoire
SO. DIST. OF GA.

MELVIN ANDERSON,

    Plaintiff,

vs.

HARLEY G. LAPPIN; KATHLEEN HAWK-SAWYER; HARRELL WATTS and THE FEDERAL BUREAU OF PRISONS,

    Defendants.

CIVIL ACTION NO.: CV204-139

## ORDER

Plaintiff filed a Motion for Recusal in which he requested that the Honorable Anthony Alaimo recuse himself from the instant cause of action. Defendants filed a Response to this Motion. Plaintiff has now filed a pleading entitled "Plaintiff['s] Reply in Opposition to Defendants' Opposition to Plaintiff's Motion to Recuse United States Magistrate Judge." (Doc. No. 58.) Plaintiff did not request that the undersigned recuse himself in his original motion. The Court construes Plaintiff's Reply as a separate motion for the undersigned to recuse himself from all proceedings in the case *sub judice* pursuant to 28 U.S.C.A. § 455(a).

Plaintiff asserts that the undersigned has a personal relationship with Defendant Hawk-Sawyer. Plaintiff also asserts that the undersigned has a bias in favor of Defendant Hawk-Sawyer and against Plaintiff. Plaintiff alleges that the undersigned's impartiality has been questioned, and, as a result, the undersigned must recuse himself.

"Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). The test of whether a judge should recuse himself under this section is whether "'an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) (quoting United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003)).

The undersigned has not acted with bias for or against any party in this case. In addition, the undersigned does not know Defendant Hawk-Sawyer on either a personal or professional basis. In sum, Plaintiff has failed to show that there is any evidence to suggest that the undersigned's impartiality in this case could reasonably be questioned.

Plaintiff's Motion for Recusal (Doc. No. 58) is **DENIED**.

**SO ORDERED**, this 15th day of June, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)