IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT -4  A 9: 47

CLERK _____
           _____

MELVIN ANDERSON,

      Plaintiff,

vs.

CIVIL ACTION NO.: CV204-139

HARLEY G. LAPPIN; KATHLEEN
HAWK-SAWYER; HARRELL WATTS
and THE FEDERAL BUREAU OF
PRISONS,

      Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed an action pursuant to 28 U.S.C.A. § 1331 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971). Defendants filed a Motion to Dismiss, or in the alternative, for Summary Judgment, and Plaintiff filed a Response. For the reasons which follow, that portion of Defendants' Motion seeking Summary Judgment should be **GRANTED**.

### STATEMENT OF THE CASE

Plaintiff alleges that he has been denied medical care necessary to treat his edema, poor blood circulation, weakness and numbness in his lower extremities, loss of hair on his legs, "venous insufficiency", "drag foot", rapid heart beat, weak "pedal pulse", low blood pressure, and "other medical symptoms." (Compl., p. 4.) Plaintiff contends that he has contacted Defendants Harley Lappin, the Director of the Bureau of Prisons ("BOP");

AO 72A
(Rev. 8/82)

Kathleen Hawk-Sawyer, the former Director of the BOP; and Harrell Watts, the National Administrator of Inmate Appeals, to request treatment for his medical conditions. Plaintiff also contends that each of these Defendants was deliberately indifferent to his serious medical needs by failing to provide him with his requested medical care and by failing to take corrective action.

Defendants contend that they had no personal involvement in Plaintiff's medical care and cannot be held liable for any alleged violations of his constitutional rights. Defendants also contend that Plaintiff's medical treatment was appropriate, and therefore, not in violation of the Eighth Amendment. Defendants assert that this Court lacks personal jurisdiction over them. Defendants allege that Plaintiff failed to exhaust his administrative remedies regarding his allegations that Defendants were directly responsible for the alleged denial of medical care. Defendant Hawk-Sawyer asserts that Plaintiff fails to state an Eighth Amendment claim against her in her official capacity.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury

2

AO 72A
(Rev. 8/82)

or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Defendants assert that Plaintiff has failed to show that any of them were personally involved in any alleged deliberate indifference to Plaintiff's medical needs or that there was a causal connection between Defendants' actions and any alleged constitutional violation. Defendants allege that merely signing a response to Plaintiff's Administrative Remedy appeals is insufficient evidence that they were personally involved in any alleged violation of Plaintiff's constitutional rights. Defendants contend that they must rely on other staff members to review an inmate's Administrative Remedy appeals.

3

Plaintiff avers that Defendants refused to take corrective action pertaining to employees of the BOP "maliciously depriving [him] of adequate medical care, torturing [him] and concealuing [sic] [his] serious mad-made [sic] medical illness in an attempt murder [sic]." (Doc. No. 38, p. 2.) Plaintiff alleges that a causal connection can be established because Defendants received Plaintiff's formal complaints regarding his medical treatment. Plaintiff also alleges that he has a "history of widespread deliberate indifference" to his serious medical needs, which put Defendants "on notice" that they need to correct the alleged deprivation. (Doc. No. 38, p. 8.) Plaintiff further alleges that Defendants were provided with documentary evidence of "outrageous criminal wrongdoing" by employees of the BOP including "attempt [sic] murder, conspiracy to commit murder, creating and/or manufacturing plaintiff['s] serious medical [needs]; kidnap [sic], obstruction of justice, and concealment of plaintiff['s] serious [medical needs.]" (Doc. No. 38, p. 9.) Plaintiff contends that any actions taken by Defendants' staff members are attributable to Defendants.

"It is well established in this [C]ircuit that supervisory official are not liable under Bivens for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). However, supervisors "'can be liable. . . when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of plaintiff[ ], and his conduct was causally related to the constitutional violation committed by [the] subordinate.'" Id. (quoting Greason v. Kemp, 897 F.2d 829, 836 (11th Cir. 1990)). A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so, or when the

4

supervisor's improper custom or policy resulted in deliberate indifference to constitutional rights. A causal connection can also be established by facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. Id. at 1235 (internal citations omitted).

The evidence before this Court indicates that Defendants, who hold or held positions with the BOP in Washington, D.C., rely on staff members to review the voluminous number of inmate appeals and correspondences. (Defs.' Exs. 3-5.) Defendants should not be held liable simply because they signed an appeal denying Plaintiff's requested relief. See Pressley v. Beard, 2005 WL 2347369, at *4 (M.D. Pa. Sept. 26, 2005) (noting that liability cannot be placed on prison officials because officials failed to take corrective action following the plaintiff's unsuccessful grievance). Additionally, the record is bereft of any evidence that Defendants were put on notice that Plaintiff's medical needs were being ignored by the staff at FCI Jesup. (Pl.'s Exs. 1-2.) Moreover, there is no evidence that any of the Defendants had a policy or custom in place which resulted in the violation of Plaintiff's constitutional rights. Further, the record lacks any evidence that Defendants directed staff at FCI Jesup to violate Plaintiff's constitutional rights or knew that staff at FCI Jesup were deliberately indifferent to Plaintiff's medical needs and failed to curtail such a constitutional violation. In sum, Plaintiff seeks to hold Defendants liable based solely on their positions within the BOP.

It is unnecessary to address the remaining grounds of Defendants' Motion.

5

## CONCLUSION

Based on the foregoing reasons and because the undersigned relied on materials outside of the parties' pleadings, it is my **RECOMMENDATION** that the portion of Defendants' Motion seeking Summary Judgment (Doc. No. 26) be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)